

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **PATTY MAZE,** | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-97-N-0566-NE |
| **SAGINAW STEERING, INC.,** | ] |
| Defendant(s). | ] |

**Memorandum of Opinion**

### I.  Introduction.

In this employment discrimination case, the plaintiff, Patty Maze ("Maze"), brings claims against her employer, General Motors Corporation ("GM")[1], pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"). Specifically, she contends that the defendant refused to reasonably accommodate her disability. *Complaint* at 3.

This matter is presently before the court on the defendant's April 11, 1997, motion to stay the cause pending binding arbitration. The court entered a briefing schedule on April 21, 1997, allowing the plaintiff until the close of business on May 2, 1997, to submit a response. She has failed to do so. Upon due consideration, the motion will be granted and a stay entered pending the completion of binding arbitration.

---

[1] GM has been incorrectly identified as Saginaw Steering, Inc.

## II.  **Allegations of the Complaint.**[2]

The plaintiff became an employee of GM at its Athens, Alabama location on or about May 21, 1984, and continues to be employed there presently. She has been on disability leave, however, since July 17, 1996.

Some time after beginning to work for the defendant, Maze developed a severe allergy to chemicals that were present at her place of employment and are typically found in a manufacturing environment. When she is exposed to these chemicals, she experiences severe respiratory distress, allergic reaction of her skin, extensive hair loss, shortness of breath, severe headaches, and blurred vision. Her allergic reactions became increasingly severe with continued exposure to the chemicals. Maze thus contends that as a result, she became unable and continues to be unable to perform the duties required in a broad spectrum of jobs and is otherwise substantially limited in many major life activities, including working in many jobs where industrial chemicals and solvents are present.

The plaintiff alleges she thus requested GM to make reasonable accommodation of her disability by transferring her to a job she could perform outside, including grounds maintenance and working in the loading dock area. She avers that both of these positions became available at the time of her request. With or without the reasonable accommodation, she was capable of performing the essential functions required in jobs to which GM could have assigned her. Maze asserts, however, that GM refused to place her in such jobs or to otherwise make reasonable accommodation for her disability.

---

[2] For purposes of the present motion, the court has taken the allegations of the complaint as true.

The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on September 8, 1994, and on December 6, 1996, the EEOC issued her a Notice of Right to Sue. She filed this cause on March 6, 1997.

### III. Discussion.

The defendant contends that Maze is a member of a unit of GM's Limestone County employees that is exclusively represented for purposes of collective bargaining by the United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"). GM has submitted the declaration of Gary Campbell in support of its assertion. GM further asserts that, as a member of a collective bargaining unit, the plaintiff is an "employee" as defined by a collective bargaining agreement ("CBA") between GM and the UAW. According to the defendant, the CBA therefore addresses and governs the terms and conditions of the plaintiff's employment and establishes that the "grievance and arbitration procedure [described in the CBA] shall be the exclusive contractual procedure for remedying . . . discrimination claims." CBA at ¶ 6a.

The court examined this same CBA in *Stafford v. General Motors Corp.*, CV-95-N-2123-NE (N.D. Ala. 1997) and concluded that ADA claims are subject to compulsory arbitration under a collective bargaining agreement so long as the agreement is voluntary. *See Memorandum of Opinion*, January 17, 1997, at 17.

The CBA defines an "employee" as "all production and maintenance employees and mechanical employees in engineering department shops in the bargaining units covered hereby." *CBA* at ¶ 3. The CBA provides:

3

> It is the policy of General Motors and the UAW that the provisions of this Agreement be applied to all employees covered by this Agreement without discrimination based on race, color, religion, age, sex, national origin or <u>individuals with disabilities as required by appropriate state and federal law</u>. Any claims of violation of this policy or claims of sexual harassment may be taken up as a grievance.

*Id.* at ¶ 6a (emphasis in original). According to the plaintiff's allegations, she remains in the employ of GM. She has not refuted the defendant's assertion that she is a member of a collective bargaining unit. *See Campbell Declaration* at ¶ 3. The court therefore finds that she is an employee as defined by the CBA and, as such, is covered by the provisions of paragraph 6a. She has made no allegation, however, that she instituted a grievance procedure pursuant to the CBA prior to filing this cause of action.

### IV. **Conclusion.**

Accordingly, because the plaintiff is contractually bound by the terms of the CBA to arbitrate any claim she may have of employment discrimination against GM, the defendant's motion to stay pending resolution of that arbitration will be granted. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 13th of May, 1997.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

4